**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4200

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESTINY RAYE THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00314-WO-1)

Submitted:  November 17, 2022                    Decided:  November 22, 2022

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Thomas K. Maher, AMOS TYNDALL, PLLC, Carrboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Destiny Raye Thompson pleaded guilty, pursuant to a written plea agreement, to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The district court sentenced Thompson to 103 months' imprisonment after departing downward from the statutory minimum of 120 months' imprisonment. On appeal, Thompson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court committed legal error in determining the extent of the downward departure. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (first alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within

2

or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We are satisfied that Thompson's sentence of imprisonment is procedurally reasonable. The district court correctly calculated the Guidelines range, adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's mitigation arguments. *See Gall*, 552 U.S. at 49-51.

We also conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Thompson's 103-month sentence. The district court emphasized that Thompson committed the instant offense soon after his release from a lengthy term of incarceration in state prison, which reflected that the state sentence did not deter Thompson for further criminal conduct. And the court was appropriately concerned that Thompson committed this offense despite his family supporting him upon his release from state prison. The court also properly stressed that methamphetamine has significant detrimental effects on its users and the community as a whole. Against those aggravating facts, the court weighed the mitigating facts of Thompson's case, including his significant health issues. After considering the aggravating and mitigating facts in the context of the § 3553(a) factors, and after departing downward from the statutory minimum, the court reasonably arrived at a sentence of 103 months. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when

3

determining the weight to be given each of the § 3553(a) factors"). We therefore conclude that Thompson's sentence of imprisonment is substantively reasonable.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We reject counsel's suggestion that the district court committed an error of law in determining the extent of the downward departure.